UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES D. NADEAU,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:23-CV-04138-KES<br><br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION AS MODIFIED AND DISMISSING MOTIONS TO VACATE, CORRECT OR SET ASIDE SENTENCE |

    Movant, Charles D. Nadeau, filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. Docket 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. After screening Nadeau's motion as required by Rule 4 of the Rules Governing 2255 Actions, Magistrate Judge Veronica Duffy recommended that Nadeau's motion be dismissed. Docket 3.  The government filed a notice of no objections to the report and recommendation. Docket 5. Nadeau did not file any objections to the report and recommendation before the expiration of his time to so. *See* Docket 3 at 3.  The court has considered the case de novo and adopts the report and recommendation in full as modified herein.

## DISCUSSION

Magistrate Judge Duffy accurately described Nadeau's § 2255 motion as "extremely bare-bones[.]" *Id.* at 1. It was not clear to Magistrate Judge Duffy and it is not clear to this court whether Nadeau seeks to set aside his original judgment of conviction or recent revocation judgment. *Id.* (citing Docket 1). If Nadeau's motion seeks to collaterally attack his initial judgment of conviction, which was issued on July 21, 2009, Magistrate Judge Duffy recommended that the motion be dismissed with prejudice as time-barred. *Id.* at 2–3. If Nadaeu's motion seeks to collaterally attack his recent revocation judgment, which is not yet final, Magistrate Judge Duffy recommended that his § 2255 motion be dismissed without prejudice to permit Nadeau to refile once the revocation judgment becomes final. *Id.* Although Nadeau did not file any objections to the report and recommendation before the expiration of his time to so, he timely filed a supplemental motion to vacate, set aside, or correct his sentence using the form prescribed by the District of South Dakota.[1] Docket 6. In his supplemental § 2255 motion, Nadeau clarified that he is seeking to collaterally attack the June 13, 2023, judgment revoking his supervised release and ordering imprisonment of 24 months in the custody of the United States

---

[1] Nadeau's renewed motion was filed on October 2, 2023, but it was delivered to prison authorities for mailing before the expiration of the time for filing objections to the report and recommendation had expired. *See* Docket 6 at 7, 9. Thus, the court construes Nadeau's supplemental § 2255 motion as objections to the magistrate judge's report and recommendation. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a pleading filed by a pro se prisoner is deemed to be filed as of the time date the prisoner delivered it to prison authorities for mailing to the court).

Bureau of Prisons with no supervised release to follow. *See* Docket 6 at 1, 2, 6; Docket 6-1 at 1.

Nadeau's supplemental § 2255 motion states that he did not appeal the judgment or sentence he is challenging (Docket 6 at 2), but this is not correct. As the report and recommendation correctly states, Nadeau filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the judgment revoking his supervised release (CR[2] Docket 142), which was entered on June 13, 2023. CR Docket 143. The appeal remains pending, *see United States v. Nadeau*, Court of Appeals Docket # 23-2527 (8th Cir.), which means that the judgment Nadeau seeks to collaterally attack is not final. The report and recommendation correctly states that "[a] criminal judgment is not subject to collateral attack in a § 2255 motion until the judgment is final." Docket 3 at 2 (citing 28 U.S.C. § 2255(f)). Because Nadeau's § 2255 motion is premature, the court agrees with Magistrate Judge Duffy's recommendation that the motion be dismissed without prejudice. To the extent Nadeau's supplemental § 2255 motion is construed as objections to the report and recommendation, the objections are overruled.

Along with his supplemental § 2255 motion, Nadeau filed a motion to proceed without prepayment of fees. Docket 7. Under the advisory committee's notes to Rule 3 of the Rules Governing § 2255 Proceedings, "[t]here is no filing fee required of a movant under these rules." Because Nadeau is not required to

---

[2] Documents from Nadeau's underlying criminal case, *United States v. Nadeau*, 3:08-cr-30049-KES (D.S.D.) are cited using the court's assigned docket number preceded by "CR."

pay a filing fee to proceed with a § 2255 motion, his motion to proceed without prepayment of fees, Docket 7, is denied as moot.

Thus, it is

ORDERED that the Magistrate Judge's report and recommendation (Docket 3) is adopted in full as modified herein and Nadeau's motion under 28 U.S.C. § 2255 (Docket 1) and supplemental motion (Docket 7) are dismissed without prejudice.

IT IS FURTHER ORDERED that Nadeau's motion to proceed without prepayment of fees, Docket 7, is denied as moot.

DATED October 18, 2023.

                                                BY THE COURT:

                                                /s/ *Karen E. Schreier*
                                                KAREN E. SCHREIER
                                                UNITED STATES DISTRICT JUDGE